# EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
_____

TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
---------
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
---------
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
Michael.Mctigue@skadden.com

April 17, 2026

**VIA ELECTRONIC MAIL**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com
Telephone: (508) 221-1510

     **RE:**   *Nelson v. Whaleco Inc.*, **No. 1:26-cv-11333-MPK (D. Mass.)**

Dear Counsel:

     We write on behalf of Whaleco Inc. to follow up on our letter sent on April 7, 2026. We provided evidence that the allegations in this action and five other TCPA actions you have recently filed on behalf of Plaintiff and his wife that the phone number at issue ((517) 769-4094 ("Number")) has not been used for business purposes are false. The Nelsons publicly listed the Number on the Jackson County Chamber of Commerce online profile for their business, Jackson County Hands United. Furthermore, Mrs. Nelson had publicly advertised branded T-shirts for that business using the Number for business marketing purposes. As you know, Section 227(c) of the TCPA only protects residential—*not* business—lines.

     After we sent our April 7, 2026 letter, the Number was *removed* from Jackson County Hands United's profile on the Jackson County Chamber of Commerce website. We include below screenshots of that profile reflecting this change:

Anthony I. Paronich
April 17, 2026
Page 2





Whaleco has serious concerns that the removal of the Number from the Chamber website may constitute an effort to destroy relevant evidence, which would be sanctionable conduct. *See*, *e.g.*, *McLaughlin v. Lenovo Global Tech. (U.S.) Inc.*, 682 F. Supp. 3d 149, 168 (D. Mass. 2023) (imposing various sanctions where the plaintiff acted with the intent to destroy evidence when erasing a laptop); *Gordon v. DreamWorks Animation SKG, Inc.*, 935 F. Supp. 2d 306, 313 (D. Mass. 2013) (excluding evidence as a sanction for spoliation where plaintiff discarded electronic evidence and shredded physical evidence); *Calderon v. Corporacion Puertorriquena de Salud*, 992 F. Supp. 2d 48, 52-53 (D.P.R. 2014) (issuing an adverse inference instruction as a sanction for the spoliation of text message evidence).

This case should be promptly dismissed. If it is not, please ensure that all evidence regarding Plaintiff's and his wife's use of the Number during the relevant time period is preserved.

\*\*\*

Anthony I. Paronich
April 17, 2026
Page 3

      Whaleco continues to reserve all rights.

Sincerely,

Michael W. McTigue, Jr.