# EXHIBIT S

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| MICHELE NELSON | ) | |
| *on behalf of herself and* | ) | Civil Action No.: |
| *others similarly situated*, | ) | |
| | ) | Class Action Complaint |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| CAPITAL VISION SERICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Nature of this Action**

1.      Michele Nelson ("Plaintiff") brings this class action against Capital Vision Services, LLC, which does business as MyEyeDr. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5.      In particular, Defendant delivered, or caused to be delivered, the subject text

1

messages to Plaintiff's cellular telephone in this district, and Plaintiff received the subject text messages in this district.

## Parties

6.    Plaintiff is a natural person who at all relevant times resided in this District.

7.    Defendant is a limited liability company headquartered in Vienna, Fairfax County, Virginia.

## Factual Allegations

8.    Plaintiff is, and since June of 2025, the subscriber of cellular telephone number—(517) 769-XXXX.

9.    The telephone number was used as a personal residential telephone number.

10.    Plaintiff uses her cell phone number for personal use only as one would use a landline telephone number in a home.

11.    Plaintiff uses her cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

12.    Plaintiff does not have any other telephone numbers.

13.    Plaintiff personally pays for her cell phone plan, and is not reimbursed by a business.

14.    Plaintiff has never had her cell phone number associated with a business.

15.    Plaintiff has never used her cell phone number in any business or marketing materials.

16.    Plaintiff's telephone number has been registered with the National Do Not Call Registry since November 13, 2024.

17.    Despite this, Defendant delivered, or caused to be delivered, at least eleven text messages to telephone number (517) 769-XXXX from October 2025 to January 2026.

18.    Some of the text entries are below:



19. The link for the website in the text messages directs to myeyedoctor.com which is operated by the Defendant.

20. Defendant delivered, or caused to be delivered, the subject text messages to telephone number (517) 769-XXXX thirty-one or more days after the number was registered with the DNC Registry.

21. The subject text messages were intended for someone other than, and unknown to, Plaintiff.

22. The purpose of the subject text messages was to advertise and market Defendant's business or services.

23. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (517) 769-XXXX.

24. Plaintiff did not request information or promotional materials from Defendant.

25. Plaintiff suffered actual harm as a result of the subject text messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

26. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (517) 769-XXXX was registered with the DNC Registry.

### Class Action Allegations

27. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least

two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

28.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

29.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

30.    The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

31.    The class is ascertainable because it is defined by reference to objective criteria.

32.    In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

33.    Plaintiff's claims are typical of the claims of the members of the class.

34.    As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

35.    Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

36.    Plaintiff's claims are based on the same theories as are the claims of the members of the class.

37.    Plaintiff suffered the same injuries as the members of the class.

38.    Plaintiff will fairly and adequately protect the interests of the members of the class.

5

39. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

40. Plaintiff will vigorously pursue the claims of the members of the class.

41. Plaintiff has retained counsel experienced and competent in class action litigation.

42. Plaintiff's counsel will vigorously pursue this matter.

43. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

44. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

45. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

   b. Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. Defendant's violations of the TCPA; and

   d. The availability of statutory penalties.

46. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

47. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

48.     The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

49.     The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

50.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

51.     The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

52.     The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

53.     There will be no extraordinary difficulty in the management of this action as a class action.

54.     Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)

55.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

56.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules*

*& Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

57.     A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

58.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

59.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

60.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

61.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of

persons who do not wish to receive telephone solicitations that is maintained by the federal government.

62.    Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

63.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e)  Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f)  Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g)  Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: January 27, 2026

PLAINTIFF, on behalf of herself
and others similarly situated,


*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

JS 44 (Rev. 10/20)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Michele Nelson,

### DEFENDANTS
Capital Vision Services, LLC,

**(b)** County of Residence of First Listed Plaintiff   Jackson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Out of State
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043, (617) 485-0018

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [x] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
Putative telemarketing class action

### VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
January 27, 2026

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☑ No

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____

2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☑ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____

     Notes : _____