# EXHIBIT T

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| MICHELE NELSON<br>*on behalf of herself and*<br>*others similarly situated,* | ) ) ) | Civil Action No.: |
| | ) | Class Action Complaint |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| L J ROSS ASSOCIATES INC. | ) ) | |
| Defendant. | ) ) ) | |

**Nature of this Action**

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff Michele Nelson ("Plaintiff") brings this action under the TCPA alleging that L J Ross Associates Inc. ("Defendant") called the Plaintiff utilizing artificial or prerecorded messages. Those calls were made without the call recipient's prior express written consent.

3.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal

1

telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district

7. In particular, Defendant delivered, or caused to be delivered, the subject calls to Plaintiff's cellular telephone in this district, and Plaintiff received the subject calls in this district.

8. Moreover, Defendant also resides in this district and the calls were sent from this district.

## Parties

9. Plaintiff is a natural person who at all relevant times resided in this District.

10. Defendant is a corporation headquartered in Jackson, Michigan which is located within this district.

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior

express consent of the called party, unless the call is initiated for emergency purposes." 47 U.S.C. § 227(b)(1)(B).

13.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

14.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

### Factual Allegations

15.    Plaintiff is, and since June of 2025, the subscriber of cellular telephone number— (517) 769-XXXX.

16.    Plaintiff has never been a customer of Defendant's.

17.    Plaintiff never consented to be contacted by Defendant.

18.    Despite this, Defendant made multiple calls to Plaintiff's cellular telephone number from September 2025 to December 2025.

19.    All of the calls were made from caller ID (800) 530-3790.

20.    The first four calls were on September 11, September 22, September 23, and October 14, 2025.

21.    Plaintiff rejected all of those calls.

22.    On October 20, 2025, Defendant called Plaintiff and Plaintiff answered the call.

23.    She heard an artificial voice or a prerecorded message.

24.    The robot indicated that it was searching for another individual named "Anette".

25.     The robot asked Plaintiff whether she was "Annett?"

26.     Plaintiff stated she was not and ended the call.

27.     The calls were made in attempt to collect a debt.

28.     Defendant then called Plaintiff three more times on October 21, October 22, and November 13, 2025.

29.     Plaintiff rejected each of the calls.

30.     On November 14, 2025, Defendant called Plaintiff and Plaintiff answered the call.

31.     Plaintiff heard the same artificial voice or prerecorded message.

32.     The robot again against if Plaintiff was "Annett."

33.     Plaintiff stated she was not and ended the call.

34.     Defendant then called Plaintiff three more times on November 18, December 4, and December 5, 2025.

35.     Plaintiff rejected each of the calls.

36.     The calls to Plaintiff were intended for "Annett," someone other than, and unknown to Plaintiff.

37.     The calls were artificial or prerecorded in nature based on the tone and pattern of speech, and the fact that the voice and content on both calls was identical.

38.     The calls were nonconsensual encounters.

39.     Plaintiff's privacy has been violated by the above-described calls.

40.     Plaintiff never provided her consent or requested the calls.

41.     Plaintiff did not request information or promotional materials from Defendant.

42.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they

were charged for the calls and their privacy was improperly invaded. They were not provided

legally compliant opt out mechanisms. Furthermore, the calls unnecessarily used power, network

resources, tied up landlines from receiving other calls, and wear and tear.

43.     Moreover, these calls injured Plaintiff because they were frustrating, obnoxious,

annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Class Action Allegations**

44.     Plaintiff incorporates by reference all other paragraphs of the Complaint as if fully

stated herein.

45.     Plaintiff brings this action on behalf of herself and the following class (the "Class")

pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

46.     Plaintiff proposes the following Class definition, subject to amendment as

appropriate:

> **Robocall Class:** All persons in the United States who, (1) within four years prior
> to the commencement of this litigation until the class is certified (2) received one
> or more calls on their cellular telephone (3) from or on behalf of the Defendant
> (4) sent using the same, or substantially similar, pre-recorded message used to
> contact the Plaintiff (5) to individuals who did not provide their telephone number
> to the Defendant.

47.     Plaintiff is a member of and will fairly and adequately represent and protect the

interests of the Class as she has no interests that conflict with any of the Class members.

48.     Excluded from the class is Defendant, its officers and directors, members of their

immediate families and their legal representatives, heirs, successors, or assigns, and any entity in

which Defendant has or had a controlling interest.

49.     Upon information and belief, the members of the Class are so numerous that joinder

of all of them is impracticable.

50.     The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

51.     The Class is ascertainable because it is defined by reference to objective criteria.

52.     In addition, the members of the Class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

53.     Plaintiff's claims are typical of the claims of the members of the Class.

54.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

55.     Plaintiff's claims are based on the same theories as are the claims of the members of the class.

56.     Plaintiff suffered the same injuries as the members of the Class.

57.     Plaintiff will fairly and adequately protect the interests of the members of the Class.

58.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

59.     Plaintiff will vigorously pursue the claims of the members of the Class.

60.     Plaintiff has retained counsel experienced and competent in class action litigation.

61.     Plaintiff's counsel will vigorously pursue this matter.

62.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

63.     The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

64.     Issues of law and fact common to all members of the Class are:

      a.  Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

      b.  Whether Defendant's conduct constitutes a violation of the TCPA; and

      c.  Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

65.  A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

66.  If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

67.  The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

68.  The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

69.  These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

70.  The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

71.  The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

72.    There will be no extraordinary difficulty in the management of this action as a Class action.

73.    Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

## Count I
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b)(1)(B) and/or (b)(1)(A)(iii)) on behalf of the Robocall Class)

74.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

75.    The Defendant violated the TCPA by sending or causing to be sent calls to the residential telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

76.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

77.    The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

78.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Determining that this action is a proper class action;

b) Designating Plaintiff as a Class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as Class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact residential telephone lines and other protected lines, except for emergency purposes, in the future;

f) Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: January 30, 2026          PLAINTIFF, on behalf of herself
                                 and others similarly situated,


                                 */s/ Anthony I. Paronich*
                                 Anthony I. Paronich

Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michele Nelson,

## DEFENDANTS
L J Ross Associates Inc.

**(b)** County of Residence of First Listed Plaintiff    Jackson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Jackson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043, (617) 485-0018

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [x] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227

Brief description of cause:
Putative telemarketing class action

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                  DOCKET NUMBER

DATE
January 30, 2026

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


   Notes : _____